**In the Matter of the Application for the DISCIPLINE OF Richard C. MOLLIN, an Attorney at Law of the State of Minnesota.**

No. C9–85–2011.

Supreme Court of Minnesota.

Nov. 12, 1985.

### ORDER

The Lawyers Professional Responsibility Board, acting through its Director, has filed with this court a petition charging the respondent Richard C. Mollin with misconduct warranting attorney discipline. The respondent, represented by counsel, has waived his rights to have a panel hearing pursuant to Rule 10(a), Rules on Lawyers Professional Responsibility (RLPR), and he has likewise agreed to waive his rights purusant to Rule 14, RLPR. In the stipulation the respondent admits that on April 16, 1982, he received a panel reprimand by a panel of the Lawyers Professional Responsibility for six counts of unprofessional conduct in violation of various disciplinary rules. All six of those counts related to respondents getting in situations of conflict of interest and all six of them occurred prior to 1982. In addition to those six counts, the respondent admits that on April 12, 1982, that he provided a court with proposed findings in a marital dissolution on his own initiative without providing a copy to opposing counsel in violation of DR 7–110(B), Minnesota Code of Professional Responsibility (MCPR). He further admits that in representation of Johnson and Bradburn in a products liability action against Barko Hydraulics, he had a conflict of interest because Johnson, an employee of Bradburn, had a worker's compensation claim against Bradburn who was uninsured. By undertaking such dual representation, respondent violated DR 5–105(C) and DR5–101(A), MCPR. Respondent moreover failed to ever advise Johnson of his right to recovery under the worker's compensation statute in violation of DR 7–101(A)(3), MCPR. Finally, respondent admits he commenced a sheriff's sale upon real property without determining whether the debtor had an interest in the property in violation of DR 1–102(A)(5) and (6), MCPR. Based upon the files and records herein, the petition of the Director, and on the stipulation,

IT IS NOW ORDERED:

1. The respondent is hereby publicly reprimanded.

2. The respondent shall within 15 days from the date of this order pay to the Director the sum of $500 in costs pursuant to Rule 24(a), RLPR.

### MEMORANDUM

The court notes that the new charges of professional misconduct all occurred prior to the reprimand given to respondent in 1982, and generally were of the same nature as the charges then before the Lawyers Professional Responsibility Board Panel. The Director has furnished the court with no information showing that the respondent has continued to engage in dual representation and conflict of interest situations since receiving the panel reprimand in 1982.